UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERRENCE LEE | * | CIVIL ACTION NO. 25-1676 |
| | * | |
| | * | |
| VERSUS | * | DIVISION 1 |
| | * | |
| | * | |
| ST. EDWARD THE CONFESSOR | * | MAGISTRATE JUDGE |
| SCHOOL | * | JANIS VAN MEERVELD |
| *********************************** | * | |

ORDER AND REASONS

Plaintiff Terrence Lee alleges that he was unlawfully terminated from his employment because of his color and race and that he experienced retaliation, all in violation of Title VII of the Civil Rights Act of 1964. However, the allegations in the Complaint fail to state a claim for discrimination or retaliation. Accordingly, defendant's Motion to Dismiss (Rec. Doc. 14) is GRANTED.

Background

This lawsuit arises out of plaintiff Terrence Lee's employment as a janitor by St. Edward the Confessor Roman Catholic Church, Metairie, Louisiana[1] ("St. Edward") for approximately two years until his termination on July 17, 2025.

Mr. Lee alleges that he witnessed an incident where Mr. Harold, a 74-year-old black man who had been working for St. Edward for 50 years, cursed a 66-year-old man named Norman over waxing the floor. The incident occurred in front of a teacher, two white women visitors, and two black employees. Mr. Harold told Mr. Lee he would go to the office regarding Norman and would call Mr. Lee into the office. Mr. Lee asked Mr. Howard for rules on July 16, 2025, and Mr. Howard said he would go into the office and ask for them. The next day, the principal of the school fired

---

[1] Incorrectly referred to as St. Edward the Confessor School in the Complaint.

1

Mr. Lee. Mr. Lee insists that he had no problems over his two years of work, that he filled in for Mr. Harold, that he worked lots of hours, and that he was overworked. He claims to have pay checks showing that he was the only one working.

Mr. Lee submits that losing one's job can significantly affect the brain, can release stress hormones, can disrupt sleep patterns, and can lead to decreased motivation and difficulty making decisions.

Mr. Lee filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a notice of right to sue on July 28, 2025. He filed this lawsuit on August 14, 2025, alleging that he was terminated due to his race and/or color and that he also experienced retaliation in violation of Title VII. He seeks punitive damages of $40,000 and lost future wages for the remainder of his lifespan, which he estimates to be nine more years.

St. Edward appeared and filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). It argues that Mr. Lee has failed to state a claim for race/color discrimination or for retaliation.

In opposition, Mr. Lee asserts that he has never been given a reason for why he was fired. He points out that he was fired the day after he met with Mr. Harold. He submits that St. Edward is 95% white and that only people of color cook and clean. Reiterating the allegations of the Complaint, he insists that he worked for two years with Mr. Harold with no problems. Then Mr. Harold cursed another worker of color for nothing and Mr. Lee had to speak to him about it the next day. Mr. Harold said he would talk to the office for Mr. Lee, and the next day the principal fired Mr. Lee.  Mr. Lee adds that before he was terminated, they fired a woman of color "for nothing."

Law and Analysis

1. *Rule 12(b)(6) Standard*

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted). Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level." Id. (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). Additionally, where

plaintiff is proceeding pro se, the Fifth Circuit has required that district courts consider not only attachments to the complaint, but also documents later submitted by the plaintiff. Clark v. Huntleigh Corp., 119 F. App'x 666, 668 (5th Cir. 2005); see Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) ("[T]he court was required to look beyond the inmates' formal complaint and to consider as amendments to the complaint those materials subsequently filed.")

   2. *Title VII Claims*

Title VII prohibits a covered employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

Additionally, under Title VII, it is an "unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter . . . ." 42 U.S.C. § 2000e-3(a). "Protected activity can consist of either: (1) 'oppos[ing] any practice made an unlawful employment practice by this subchapter' or (2) 'ma[king] a charge, testif[ying], assist [ing], or participat[ing] in any manner in an investigation, proceeding, or hearing under this subchapter.'" E.E.O.C. v. Rite Way Serv., Inc., 819 F.3d 235, 239 (5th Cir. 2016) (quoting 42 U.S.C. §2000e-3(a)) (alteration in original). The Fifth Circuit has "consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." Davis v. Dallas Indep. Sch. Dist., 448 F. App'x 485, 493 (5th Cir. 2011).

   3. *Analysis*

Mr. Lee has failed to state a claim for discrimination. Although he alleges that St. Edward never provided a reason for firing him, that alone is not a violation of law. Critically, nothing in the facts he alleges in the Complaint or the assertions made in his opposition memorandum could

possibly be construed as showing that he was terminated because of his race. He claims that the school is 95% white with only people of color cooking and cleaning. But this does not show that he was terminated from his position due to his race. Because the facts alleged do not plausibly show that St. Edward terminated Mr. Lee's employment because of his race, he has failed to state a claim for race discrimination under Title VII.

Additionally, Mr. Lee has failed to state a claim for retaliation. He alleges no facts in his Complaint or opposition memorandum that could support finding that he engaged in any protected activity. He states that he was fired after he met with Mr. Harold. But he does not allege that he complained of race discrimination during his meeting with Mr. Harold.[2] He alleges that he filed a charge with the EEOC, but this occurred after his termination from employment. Because there is no plausible protected activity prior to his termination, Mr. Lee has failed to state a claim for retaliation under Title VII.

<u>Conclusion</u>

Mr. Lee has failed to allege facts that plausibly support finding that he was discriminated against because of his race or color or that he experienced retaliation in violation of Title VII. Accordingly, defendant's Motion to Dismiss (Rec. Doc. 14) is GRANTED.

New Orleans, Louisiana, this 22nd day of May, 2026.

Janis van Meerveld
United States Magistrate Judge

---

[2] Further, as defendant points out, Mr. Harold's role at the school is unclear. Is he a co-worker? A supervisor? An administrator? s

5